1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DWAYNE JONES,                          No. CIV S-07-1652-LKK-CMK-P

12                 Petitioner,

13          vs.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14    D.K. SISTO, et al.,

15                 Respondents.

16    _____/

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition

19    (Doc. 1), filed on August 13, 2007.

20          Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary

21    dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any

22    exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the

23    instant case, it is plain that petitioner is not entitled to federal habeas relief.

24          Petitioner's "petition" is titled a "Motion for Federal Receivership of the Board of

25    Parole Hearing and Gubernatorial Review."  In this motion/petition, petitioner is complaining

26    about the parole system in general and has not made any allegations as to the issuance or denial

1

of parole as it directly relates to himself.  He is also complaining about the possibility of the California Assembly passing a bill requiring "the Board of Parole Hearing to deny murders a mandatory 5, 10, or 15 years for those prisoner not found suitable for release on parole."  (Pet. at 2).  The closest petitioner gets in making any allegations in regards to himself is in connection with his claim that the parole board is illegally using psychological evaluation reports in conducting parole suitability hearings.  He claims that the "Board of Parole Hearing are in gross violations of laws rules regulations and they do so with an 'UNTOUCHABLE' persona.  As a Result Mr. Coleman and others like he and Petitioner suffer this injustice."  (Pet. at 4).  Petitioner is requesting the appointment of a special master "to oversee the Board of Parole Hearing and the governor's review process of parole decisions."  (Pet. at 6).

Petitioner is required to show that the conduct of which he complains has caused him to suffer an "injury in fact", which must be concrete and actual or imminent.  Whitmore v. Arkansas, 495 U.S. 149, 155 (1990).  His injury cannot be conjectural or hypothetical.  Id. (citing Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983)).  Here, petitioner has not claimed any actual or imminent injury in fact.  His allegations are that the governor's office, the "Board of Parole Hearing" and the California Assembly are acting in violation of the law.  However, he has made no allegation that he has been denied parole or has otherwise been injured from the actions of any of the defendants.

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written

/ / /

/ / /

/ / /

1   objections with the court.  The document should be captioned "Objections to Magistrate Judge's
2   Findings and Recommendations."  Failure to file objections within the specified time may waive
3   the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5    DATED:  November 2, 2007

6                                                        _____
7                                                        **CRAIG M. KELLISON**
                                                         UNITED STATES MAGISTRATE JUDGE